BLUM & BLUM, for plaintiff in error.

HARRY BROWN, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

BAILMENT, § 10*—*when gratuitous bailee not liable.* In an action for the conversion of lumber placed by plaintiff on the property of defendant, with the latter's consent, there being no evidence to show that any of the lumber was taken by defendant, it was *held* that defendant was merely a gratuitous bailee, and, in the absence of evidence of gross negligence on his part, was not liable.

---

## Cross and Banta Show Printing Company, Defendant in Error, v. Edward H. Marhoefer et al., trading as Col. W. A. Thompson Company (not Inc.), Plaintiffs in Error.

### Gen. No. 18,718. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 10, 1914.

### Statement of the Case.

Action by Cross and Banta Show Printing Company against Edward H. Marhoefer, W. A. Thompson and Wellington T. Stewart, as copartners, trading as Col. W. A. Thompson Company (not Inc.), to recover for printing furnished defendants. Judgment was rendered against defendants below and defendant Marhoefer brings error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number

Patry v. Chicago & Western Indiana R. Co., 185 Ill. App. 361.

BUNGE, HARBOUR & CHADWICK, for plaintiffs in error.

ADOLPH MARKS, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

CORPORATIONS, § 27*—*when person advancing money to proposed corporation not considered a partner.* Agreement with a view to corporate organization *held* to contemplate the advance of certain funds by one of the parties as a loan for the payment of the company's debts, to be secured by a lien upon the corporate property, in part consideration therefor, such party to receive a stock bonus and to become one of the directors, and not as a stock subscription agreement, and, hence, such party was not liable as a partner where the agreement was not carried out, and the corporation was not formed.

---

## Henry J. Patry, Appellee, v. Chicago & Western Indiana Railroad Company, Appellant.

### Gen. No. 18,790.

1. MASTER AND SERVANT; § 826*—*when inconsistent findings construed as finding contributory negligence.* In an action by a switchman for personal injuries a special finding deducting the sum of $5,000 from the total amount of damages, stating that it was "the proportion or just share thereof attributable to the negligence of plaintiff," is necessarily a finding of contributory negligence, although the jury specifically found otherwise in another special finding, hence the verdict cannot stand on a common-law count.

2. COMMERCE, § 4*—*when relation of accident to interstate commerce must be shown.* Where in an action under the Federal Employers' Liability Act the effect which the accident had or tended to have upon interstate commerce is left wholly to conjecture, a verdict for plaintiff will not be permitted to stand.

3. COMMERCE, § 4*—*when employe not engaged in interstate commerce.* The mere fact that a switching crew, of which plaintiff

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.